**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.F.**

**No. 22-687** (Wood County 21-JA-150)

## MEMORANDUM DECISION

Petitioner Mother K.F.[1] appeals the Circuit Court of Wood County's August 2, 2022, order terminating her parental rights to A.F.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July of 2021, the DHHR filed a petition alleging that, over the course of two hours, petitioner led C.T., a child not at issue in this appeal,[3] around by a belt fastened to his wrists and "kept smacking him with the belt," in addition to other allegations. During the DHHR's investigation, C.T. disclosed that petitioner physically abused A.F., and two other children who are not at issue in this appeal also disclosed physical abuse by petitioner. When Child Protective Services spoke with petitioner, she rationalized her behavior, claiming that C.T. was "acting out" and "being disrespectful." Finally, the DHHR indicated that petitioner was previously involved in an abuse and neglect case due to the deplorable conditions in her home and her emotional abuse of A.F. "by screaming, cursing[,] and calling [the child] names." Petitioner participated in an improvement period in that case and A.F. was returned to her custody in December of 2018. Based on the foregoing, the DHHR alleged that petitioner abused and/or neglected A.F.

At an adjudicatory hearing in August 2021, the court accepted petitioner's stipulation to physical abuse and inappropriate discipline, found that A.F. was an abused and neglected child, and adjudicated petitioner as an abusive and neglectful parent. The court also granted petitioner a post-adjudicatory improvement period, although it denied her request for visitation with the child

---

[1]Petitioner appears by counsel Heather L. Starcher. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Steven R. Compton. Counsel Keith White appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]C.T. is not petitioner's child and was not named as a party to the proceedings below.

1

pending a recommendation from the guardian, the court appointed special advocate ("CASA"), and the child's therapist.

The court thereafter held a series of review hearings. In October 2021, the court permitted petitioner to have supervised telephone calls with the child for thirty minutes per day, after which she could begin supervised visitation with the child "if all goes well." At several of the review hearings, the DHHR recommended that petitioner's improvement period continue. Upon these recommendations, the court granted petitioner an extension of her improvement period following a hearing in February 2022, despite objections from both the guardian and the CASA. In response to petitioner's motion for supervised visitation at a hearing in April 2022, the DHHR, the guardian, and the CASA all objected. The court denied the motion at that time. In June 2022, petitioner filed a motion for a post-dispositional improvement period.

Ultimately, the court held dispositional hearings over multiple days, culminating in a final hearing in July 2022. According to the record, at least three individuals indicated that petitioner failed to accept responsibility for her actions, including the psychologist who conducted petitioner's parental fitness evaluation. The psychologist also noted that petitioner "exercises poor judgment" and that her conduct placed A.F. at risk. Given that petitioner's physical abuse of C.T. was "performed . . . in the public with the presence of numerous other adults with little regard for consequences," the psychologist opined that petitioner was "likely to also commit such abuse in the privacy of her own home with no witnesses." Further, one of petitioner's service providers testified that petitioner "gained no insight and took no responsibility throughout the entire case," was not fully cooperative, and did not fully participate in services. Petitioner's therapist similarly testified that petitioner "reported she had no problems, there was nothing she needed to talk about, . . . [and] would end sessions early." Based on this evidence, the court found that petitioner "simply has not availed herself [of services] in any way that [she] would successfully complete" a second improvement period. Turning to disposition, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that the child's welfare required termination. Accordingly, the court terminated petitioner's parental rights to the child.[4] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner first argues that it was error to terminate her parental rights without granting her a post-dispositional improvement period. Petitioner's arguments in support of this assignment of error fail to fully account for the entirety of the evidence below. Specifically, petitioner cites to the DHHR's repeated requests to continue her post-adjudicatory improvement period as evidence of her full compliance. What petitioner fails to recognize, however, is that the DHHR went on to introduce evidence at the dispositional hearing that petitioner not only failed to fully comply with her improvement period but that she also failed to benefit from the services with which she did comply. Essentially, petitioner challenges the credibility of this testimony when compared to earlier DHHR documents

---

[4]The father's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

regarding her compliance, but we refuse to disturb the court's determination on this issue. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

Petitioner also ignores that three individuals explained that petitioner failed to accept responsibility for her actions. As we have explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Because petitioner failed to acknowledge the abuse and neglect at issue, we find no error in the denial of her motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (permitting circuit court discretion to deny improvement period when no improvement likely).

Petitioner also argues that the circuit court's failure to grant her in-person visitation with the child ensured that she could not successfully complete her improvement period. We find this argument to be without merit. Simply put, petitioner's lack of in-person visitation had no bearing on the issues central to the termination of her parental rights, such as her refusal to acknowledge any wrongdoing or benefit from the services provided. It is also important to stress that the circuit court repeatedly tasked the MDT with determining if in-person visits were appropriate based on recommendations from the members and input from the child's therapist. Contrary to her assertions that A.F. wished to see her, the circuit court heard evidence that the child expressly requested *not* to see petitioner and was, in fact, fearful of petitioner. As we have explained, "'[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided.' Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)." Syl. Pt. 3, *In re S.W.*, 233 W. Va. 91, 755 S.E.2d 8 (2014). Rather than consider the child's best interests, petitioner sought visitation below regardless of the potential detriment to the child. Specifically, in requesting visits, petitioner argued that the parties "need[ed] to move past" the child's express wishes not to visit with petitioner and that the child's "therapist could deal with any behaviors or fallout that might occur from the visits." This position evidences petitioner's disregard for the child's wellbeing and her poor decision making that was central to the court's termination of her parental rights.

Ultimately, we find no error in the termination of petitioner's parental rights because the court had ample evidence upon which to make the necessary findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding there is no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less

restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 2, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn